**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tony Clarence Memory,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EmployBridge,<br><br>　　　　　Defendant. | No. CV-23-00481-TUC-LCK<br><br>**ORDER** |

Pending before the Court is Defendant EmployBridge DBA Prologistix's Motion to Dismiss for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. 15.) Plaintiff filed a response and Defendant replied. (Docs. 17, 18.) The Court will grant the motion but dismiss with leave to amend.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initiated this action with a Complaint filed on October 24, 2023. (Doc. 1.) He then filed an Amended Complaint on January 30, 2024 (Doc. 9), which is the pleading Defendant seeks to have dismissed (Doc. 15). Plaintiff states that his Amended Complaint is brought under Title VII for employment discrimination based on his race. (Doc. 9 at 3, 4.) He alleges that, in 2016, 2017, 2018, 2020, and 2022, Defendant retaliated against him for filing a 2016 EEOC complaint. (*Id.* at 4.) Plaintiff included the following factual allegations in the Amended Complaint:

---

[1] EmployBridge DBA ProLogistix states that it is improperly named as the Defendant because it is not the entity through which Plaintiff sought employment. However, Defendant did not move for dismissal on that basis.

> After a 2016 Racist/biased encounter at a Tampa FL office branch against brown and black people. I filed a complaint with the EEOC. eeoc didn't find anything but Mandy Johnson and Ashley Boulle were later Terminated in 2017 after I tipped off Leyda Guzman a Hispanic employee to watch her. Sense [sic] then This company Bitter, blocked me in Florida from 2016-2023 and Arizona from 2021 to Present WITHOUT A LISTED REASON. I had some small angry words with that office during the complaint process like "ASS, DAMN, FUCK, DEMON GIRL" but never vile or derogatory like My genitals or hers or C-word against whites, or death threats. just protesting words. I was very respectful to the corporate offices just not to Mandy, regardless they continued to block me if I ever wanted to work a suitable job. Previously they had a "listed" reason, then after 2017 they left me blocked "WITHOUT A REASON."

(*Id.* at 5.)

Plaintiff alleged that he filed a complaint with the EEOC on November 2, 2022, to exhaust his federal administrative remedies. (*Id.* at 5.) In his administrative charge of discrimination, he stated that he had applied several times to work for Defendant and was rejected; he believed that rejection was due to Defendant blocking him based on his race and his complaints about discriminatory treatment. (Doc. 9-1 at 9.) He also asserted that, around August 28, 2022, he received three rejection notices from Defendant. (*Id.*) The EEOC issued him a right to sue letter on October 19, 2023.[2] (*Id.* at 5.) Plaintiff seeks $300,000 and a Court order directing Defendant to remove the block that prevents him from seeking employment with the company. (Doc. 9 at 6.)

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Dismissal is only appropriate if the complaint's factual allegations, together with all reasonable inferences drawn in the plaintiff's favor, fail to state a plausible claim for relief. *Id*. at 678; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (allegations in the complaint must be construed in the light most favorable to the plaintiff). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough

---

[2] Petitioner alleges the Right to Sue letter was issued on July 31, 2023. (Doc. 9 at 5.) However, that letter was issued by the Office of the Attorney General of Arizona. (Doc. 9-1 at 7.) The EEOC subsequently adopted the findings of the Arizona Attorney General and issued its own right to sue letter on October 19, 2023. (*Id.* at 5.)

to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. The plausibility standard does not amount to a probability requirement, however, it demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A mere formulaic recitation of the elements of a cause of action is not sufficient to establish a claim, and legal conclusions are not entitled to an assumption of truth. *Id*. at 679.

Where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975). And the Court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## DISCUSSION

Defendant argues that Plaintiff's allegations of retaliation occurring prior to 2022 are barred by the statute of limitations. Defendant also argues that Plaintiff failed to plead all the elements for his claims of discrimination and retaliation.

### Statute of Limitations

An employee must file a Title VII charge with the relevant state agency within 300 days of the occurrence of a discriminatory act. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108-09 (2002); *Sosa v. Hiraoka*, 920 F.2d 1451, 1455 (9th Cir. 1990) (recognizing that the EEOC deadline also operates as a judicial statute of limitations). "Each discrete discriminatory act starts a new clock for filing charges alleging that act," and acts occurring outside the statute of limitations do not become timely because they are related to acts within a timely charge. *Morgan*, 536 U.S. at 112-13. A refusal to hire a person, as alleged here, constitutes a discrete act that is actionable under Title VII if based on discrimination. *Id.* at 114.

Plaintiff filed a charge with the Civil Rights Division of the Arizona Attorney General's Office and the EEOC on November 2, 2022. (Doc. 9-1 at 8-9.) The 300-day

period runs back to January 6, 2022. Any discrete discriminatory acts that occurred prior to that date are time barred. *Morgan*, 536 U.S. at 109, 122. In the EEOC charge of discrimination, Plaintiff alleged that he received three rejections from Defendant in August 2022. Those allegations, that Defendant failed to hire him based on discrimination or in retaliation for protected activity, are within the statute of limitations. However, his allegations that Defendant rejected his applications in years prior to 2022 are outside the limitations period.

The 300-day period is subject to equitable tolling and equitable estoppel, although the Supreme Court has instructed courts to apply them sparingly. *Id.* at 113. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (finding equitable tolling depends on whether there is excusable delay), *overruled on other grounds in Socop-Gonzalez v. INS*, 272 F.3d 1176 (9th Cir. 2001)). On the other hand, equitable estoppel focuses on the defendant's conduct and applies "if the defendant takes active steps to prevent the plaintiff from suing in time," such as an employer hiding or misrepresenting material facts. *Id.* at 1176 (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990)).

Plaintiff argues that the statute of limitations does not apply to him. The Court evaluates his reasons to see if they meet the requirements for equitable tolling or estoppel. Plaintiff argues that "300 days does not apply because Defendant blocked me 'without a reason nationwide'" and Defendant has been acting unfairly since 2016. (Doc. 17 at 1.) Plaintiff also contends that time bars do not apply because he is a "former applicant," Defendant acted for secret reasons, and Defendant should not be protected by a limitations period because his situation is equivalent to corrupt police cases.

The Court finds that Plaintiff has not alleged a basis for equitable relief from the statute of limitations. Plaintiff does not suggest that he did not possess the necessary information to pursue a claim each time he was rejected from employment by Defendant. He was aware of each rejection, and he alleges that he has believed, since 2016, that the

rejections were based on racial discrimination. No covert actions by Defendant kept this information from him. Defendant has offered no equitable reason that the statute of limitations should not apply. Therefore, Defendant is entitled to dismissal of Plaintiff's allegations based on actions occurring prior to January 6, 2022. The remaining acts within the limitations period are Defendant's denial of employment in August 2022.

The Court finds that no amendment could cure the fact that most of his allegations are outside the statute of limitations. The date of his EEOC charge is fixed and any acts that occurred more than 300 days before that filing are outside the limitations period. Plaintiff had an opportunity to respond to Defendant's argument on this topic, and he did so. The Court considered his arguments and found they did not warrant equitable tolling or estoppel. For that reason, the Court finds no amendment is warranted with respect to claims excluded by the statute of limitations.

### **Sufficiency of the Allegations to State a Discrimination Claim**

Plaintiff alleges that, in August 2022, Defendant rejected him for employment three times due to his race. This type of claim is a disparate treatment claim, which alleges that an individual is treated less favorably than others similarly situated to him based on a prohibited criterion, such as race. *Jauregui v. City of Glendale*, 852 F.2d 1128, 1134 (9th Cir. 1988) (quoting *Gay v. Waiters' and Dairy Lunchmen's Union*, 694 F.2d 531, 537 (9th Cir. 1982)). To make out a prima facie case of discrimination in hiring, Plaintiff must show that (1) he is a member of a protected class; (2) he applied and had the qualifications for the position from which he was rejected; (3) he was denied the position although he was qualified; and (4) Defendant hired someone for the position that was not in Plaintiff's class (or continued considering other applicants with qualifications similar to Plaintiff). *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Defendant argues that Plaintiff's claims should be dismissed because he did not allege that he was qualified for the positions to which he applied, and he did not allege any facts regarding who Defendant hired to fill the positions from which Plaintiff was rejected.

The Court agrees. In the Amended Complaint, Plaintiff failed to allege any facts about the positions to which he applied, his qualifications for those positions, or the people ultimately hired to fill those positions. For this reason, the Amended Complaint must be dismissed for failure to state a claim of discrimination.

However, it is not clear that Plaintiff would be unable to amend and cure the defects in his pleading. The Court will allow Plaintiff an opportunity to allege all the elements of a prima facie case of discrimination in hiring.

### Retaliation

It is unlawful for an employer to discriminate against an employee "because he has opposed any practice" made unlawful by Title VII, including bringing an EEOC charge. 42 U.S.C.A. § 2000e-3(a). To establish a retaliation claim, Plaintiff must show that he engaged in a protected activity, he was subjected to an adverse employment decision, and the adverse action was causally linked to his protected activity. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002). The protected activity alleged by Plaintiff was his filing of a 2016 EEOC complaint against Defendant. That action qualifies as a protected activity. *See Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997). Next, he alleges Defendant has been retaliating against him since then by refusing to hire him. Failure to hire a person is an adverse employment action. Plaintiff does not identify a causal link, but he alleges the refusal to hire was due to his engagement in a protected activity.

Defendant contends that, because the 2022 refusal to hire Plaintiff occurred 6 years after the EEOC complaint, there is no causal connection between the two. The Court reviews the relevant facts. In responding to Plaintiff's 2022 EEOC charge, Defendant acknowledged that it excluded Plaintiff from employment beginning in 2016 and continuing through his August 2022 applications. (Doc. 9-1 at 13.) In other words, the decision not to hire Plaintiff in August 2022 (and in the years prior) was made in 2016. Therefore, that decision was not 6 years after his initial EEOC complaint against Defendant. It was within the same year. However, Plaintiff has not alleged a sufficient causal connection between his EEOC complaint and Defendant's decision to preclude him

from employment indefinitely. An inference that Defendant acted with retaliatory motive is supported if the adverse employment action "occurred 'fairly soon after the employee's protected expression.'" *Villiarimo*, 281 F.3d at 1065 (quoting *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1009-10 (7th Cir. 2000)). Plaintiff has not alleged the date on which he filed his EEOC complaint, nor the date on which Defendant imposed its ban on his employment with the company. In the absence of more specific allegations, Plaintiff has failed to plead a causal link between his protected activity and the adverse employment action.

Although Plaintiff's allegations do not currently state a claim for relief based on retaliation, it is not clear that he could not plead sufficient facts if given an opportunity to amend. Therefore, the Court will allow Plaintiff the opportunity to amend to allege more specific facts in support of his retaliation claim.

**Amendment**

The Court has determined that Plaintiff has failed to state a claim for discrimination or retaliation. However, because he may be able to allege sufficient facts to state a claim for relief, the Court will allow amendment. When dismissing with leave to amend, a court is to provide reasons for the dismissal so a plaintiff can make an intelligent decision whether to file an amended complaint. *See Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). The Court provided an explanation for the basis of its dismissal above. And, here, provides additional information on filing an amended pleading. Plaintiff is reminded that a complaint must set forth facts that serve to put Defendant on notice of what it is alleged to have done wrong. *See Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). The Second Amended Complaint may allege only discrete discriminatory acts that have occurred since January 6, 2022, because any prior actions are outside the statute of limitations. *Cf. Morgan*, 536 U.S. at 113 (noting that the limitations periods did not "bar an employee from using [] prior acts as background evidence in support of a timely claim.").

Plaintiff shall file his amended pleading on the same type of Court-approved form that he used for his Amended Complaint. Plaintiff must clearly designate on the face of the document that it is a "Second Amended Complaint." If Plaintiff fails to use the court-approved form, the Court may strike the Second Amended Complaint and dismiss this action without further notice to Plaintiff. The Second Amended Complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the prior complaints by reference. An amended complaint supersedes any prior complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the prior complaints as nonexistent. *Ferdik*, 963 F.2d at 1262. <u>If Plaintiff does not file a Second Amended Complaint within the deadline set forth below, this case will be subject to dismissal without further notice.</u>

As Plaintiff was notified when he initiated this case, the Court has an advice clinic for people that are representing themselves. (Doc. 3 at 7.) If Plaintiff chooses to seek advice through the clinic, he should click the button that says, "Apply for help" at https://www.stepuptojustice.org/.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 15) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Amended Complaint is Dismissed without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that, if Plaintiff chooses to amend, he shall file a Second Amended Complaint on or before **May 15, 2024**.

Dated this 15th day of April, 2024.

_____
Honorable Lynnette C. Kimmins
United States Magistrate Judge