WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tony Clarence Memory,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>EmployBridge,<br><br>　　　　　Defendant. | No. CV-23-00481-TUC-LCK<br><br>**ORDER** |

Pending before the Court is Defendant EmployBridge DBA Prologistix's Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. 23.) Plaintiff filed a response and Defendant replied. (Docs. 25, 26.) The Court will grant the motion and dismiss Plaintiff's case.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initiated this action with a Complaint filed on October 24, 2023. (Doc. 1.) Defendant's counsel contacted Plaintiff and notified him that Defendant intended to file a motion to dismiss. (Doc. 23-1.) Defendant set forth its intended basis for the motion, including the statute of limitations and the absence of all elements necessary to allege discrimination or retaliation. (*Id.*) In response, Plaintiff filed an Amended Complaint on January 30, 2024. (*Id.*; Doc. 9.) Defendant's counsel contacted Plaintiff again, notifying

---

[1] EmployBridge DBA ProLogistix states that it is improperly named as the Defendant because it is not the entity through which Plaintiff sought employment. However, Defendant did not move for dismissal on that basis.

him of Defendant's intent to seek dismissal of his amended pleading based on the statute of limitations and his failure to state a claim for discrimination and retaliation. (Doc. 23-2.) Plaintiff elected not to amend a second time. (Doc. 23-3.) The Court granted Defendant's motion to dismiss but provided Plaintiff with an explanation of the basis for its ruling and granted him leave to amend. (Doc. 19.)

Plaintiff filed a Second Amended Complaint, which Defendant now seeks to have dismissed. Plaintiff's Second Amended Complaint alleges Title VII employment discrimination based on race, retaliation, and a violation of Arizona's blacklisting statute. (Doc. 21 at 3-4.) He alleges that, in 2016, 2017, 2018, 2020, and 2022, Defendant retaliated against him for filing a 2016 EEOC complaint. (*Id.* at 4; Doc. 21-3 at 20-21.) Plaintiff included the following factual allegations in the Second Amended Complaint:

> After a 2016 Racist/biased encounter at a Tampa FL office branch against brown and black people. I filed a complaint with the EEOC. eeoc didn't find anything but Mandy Johnson and Ashley Boulle were later Terminated in 2017 after I tipped off Leyda Guzman a Hispanic employee to watch her. Sense [sic] then This company Bitter, blocked me in Florida from 2016-2023 and Arizona from 2021 to Present WITHOUT A LISTED REASON. I had some small angry words with that office during the complaint process like "ASS, DAMN, FUCK, DEMON GIRL" but never vile or derogatory like My genitals or hers or C-word against whites, or death threats. just protesting words. I was very respectful to the corporate offices just not to Mandy, regardless they continued to block me if I ever wanted to work a suitable job. Previously they had a "listed" reason, then after 2017 they left me blocked "WITHOUT A REASON."

(Doc. 21 at 5.)

Plaintiff alleged that he filed a complaint with the EEOC on November 2, 2022, to exhaust his federal administrative remedies. (*Id.*) In his administrative charge of discrimination, he stated that he had applied several times to work for Defendant and was rejected; he believed that rejection was due to Defendant blocking him based on his race and his complaints about discriminatory treatment. (Doc. 21-1 at 8.) He also asserted that, around August 28, 2022, he received three rejection notices from Defendant. (*Id.*) The EEOC issued him a right to sue letter on October 19, 2023.[2] (*Id.* at 4.) Plaintiff seeks

---
[2] Plaintiff alleges he received the Right to Sue letter on July 31, 2023. (Doc. 21 at 5.) However, it was the Office of the Attorney General of Arizona that issued a dismissal and notice of right to sue in July 2023. (Doc. 21-1 at 5-6.) The EEOC subsequently adopted

- 2 -

1  $1,000,000 and a Court order directing Defendant to remove the block that prevents him from seeking employment with the company. (Doc. 21 at 6.)

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Dismissal is only appropriate if the complaint's factual allegations, together with all reasonable inferences drawn in the plaintiff's favor, fail to state a plausible claim for relief. *Id.* at 678; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (allegations in the complaint must be construed in the light most favorable to the plaintiff). While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. The plausibility standard does not amount to a probability requirement, however, it demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Where the pleader is *pro se*, the pleading should be liberally construed in the interests of justice. *Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975). And the Court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## DISCUSSION

Defendant argues that Plaintiff's allegations of retaliation occurring prior to 2022 are barred by the statute of limitations. Defendant also argues that Plaintiff failed to plead all the elements for his claims of discrimination and retaliation. And Defendant contends that Plaintiff did not plead an actionable claim for blacklisting under Arizona law.

---

the findings of the Arizona Attorney General and issued its right to sue letter in October 2023. (*Id.* at 4.)

**Statute of Limitations**

An employee must file a Title VII charge with the relevant state agency within 300 days of the occurrence of a discriminatory act. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 108-09 (2002); *Sosa v. Hiraoka*, 920 F.2d 1451, 1455 (9th Cir. 1990) (recognizing that the EEOC deadline also operates as a judicial statute of limitations). "Each discrete discriminatory act starts a new clock for filing charges alleging that act," and acts occurring outside the statute of limitations do not become timely because they are related to acts within a timely charge. *Morgan*, 536 U.S. at 112-13. A refusal to hire a person, as alleged here, constitutes a discrete act that is actionable under Title VII if based on discrimination. *Id.* at 114.

Plaintiff filed a charge with the Civil Rights Division of the Arizona Attorney General's Office and the EEOC on November 2, 2022. (Doc. 21-1 at 8.) The 300-day period runs back to January 6, 2022. Any discrete discriminatory acts that occurred prior to that date are time barred. *Morgan*, 536 U.S. at 109, 122. In the EEOC charge of discrimination, Plaintiff alleged that he received three rejections from Defendant in August 2022. Those allegations, that Defendant failed to hire him based on discrimination or in retaliation for protected activity, are within the statute of limitations. However, his allegations that Defendant rejected his applications in years prior to 2022 are outside the limitations period.

The 300-day period is subject to equitable tolling and equitable estoppel, although the Supreme Court has instructed courts to apply them sparingly. *Id.* at 113. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000) (finding equitable tolling depends on whether there is excusable delay), *overruled on other grounds in Socop-Gonzalez v. INS*, 272 F.3d 1176 (9th Cir. 2001)). On the other hand, equitable estoppel focuses on the defendant's conduct and applies "if the defendant takes active steps to prevent the plaintiff from suing in time," such as an employer hiding or misrepresenting material facts. *Id.* at 1176 (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990)).

Plaintiff argues that his claims are not time barred, and the Court evaluates his reasons to see if they meet the requirements for equitable tolling or estoppel. Plaintiff argues that he is bringing a claim of "continued discrimination"; therefore, "discrete acts" do not apply. He also contends that Defendant no longer agrees with its defense to the 2016 EEOC complaint. In addition, he discusses evidence that he believes supports the merits of his claims.

Having reviewed the entirety of the Second Amended Complaint and its attachments, the Court finds that Plaintiff has not put forth a basis for equitable relief from the statute of limitations. First, the Supreme Court rejected the application of a "continuing violation" doctrine to Title VII discrimination and retaliation claims, finding it is a separate violation each time a person is not hired for a discriminatory reason. *Morgan*, 536 U.S. at 115 (recognizing a continuing violation only for hostile work environment claims). Second, Plaintiff does not suggest that he did not possess the necessary information to pursue a claim each time he was rejected from employment by Defendant. He was aware of each rejection, and he alleges that he has believed, since 2016, that the rejections were based on racial discrimination or retaliation. No covert actions by Defendant kept this information from him. Plaintiff has offered no equitable reason that the statute of limitations should not apply. Therefore, Defendant is entitled to dismissal of Plaintiff's allegations based on actions occurring prior to January 6, 2022.

Discrete acts occurring prior to 2022 also are subject to dismissal because the Court previously dismissed those allegations with prejudice in its ruling on Defendant's first motion to dismiss. (Doc. 19 at 5, 7.)

**Sufficiency of the Allegations to State a Discrimination Claim**

Within the statute of limitations period, Plaintiff alleges that Defendant rejected him for employment three times due to his race in August 2022. This type of claim is a disparate treatment claim, which alleges that an individual is treated less favorably than others similarly situated to him based on a prohibited criterion, such as race. *Jauregui v. City of Glendale*, 852 F.2d 1128, 1134 (9th Cir. 1988) (quoting *Gay v. Waiters' and Dairy*

*Lunchmen's Union*, 694 F.2d 531, 537 (9th Cir. 1982)). To make out a prima facie case of discrimination in hiring, Plaintiff must show that (1) he is a member of a protected class; (2) he applied and had the qualifications for the position from which he was rejected; (3) he was denied the position although he was qualified; and (4) Defendant hired someone for the position that was not in Plaintiff's class (or continued considering other applicants with qualifications similar to Plaintiff). *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Defendant argues that Plaintiff's claims should be dismissed because he did not allege that he was qualified for the positions to which he applied, and he did not allege any facts regarding who Defendant hired to fill the positions from which Plaintiff was rejected. The Court agrees. In the Second Amended Complaint and attached documents, Plaintiff failed to allege any facts about the positions to which he applied in 2022, his qualifications for those positions, or the people ultimately hired to fill those positions. For this reason, the Second Amended Complaint must be dismissed for failure to state a claim of discrimination.

**Sufficiency of the Allegations to State a Retaliation Claim**

It is unlawful for an employer to discriminate against an employee "because he has opposed any practice" made unlawful by Title VII, including bringing an EEOC charge. 42 U.S.C.A. § 2000e-3(a). To establish a retaliation claim, Plaintiff must show that he engaged in a protected activity, he was subjected to an adverse employment decision, and the adverse action was causally linked to his protected activity. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002). The protected activity alleged by Plaintiff was his filing of a 2016 EEOC complaint against Defendant. That action qualifies as a protected activity. *See Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997). Next, he alleges Defendant has been retaliating against him since then by refusing to hire him. Failure to hire a person is an adverse employment action. Plaintiff does not identify a causal link, but he alleges the refusal to hire was due to his engagement in a protected activity.

Defendant contends that, because the 2022 refusal to hire Plaintiff occurred 6 years after the EEOC complaint, there is no causal connection between the two. The Court reviews the relevant facts. In responding to Plaintiff's 2022 EEOC charge, Defendant acknowledged that it excluded Plaintiff from employment beginning in 2016 and continuing through his August 2022 applications. (Doc. 21-1 at 12.) In other words, the decision not to hire Plaintiff in August 2022 (and in the years prior) was made in 2016. Therefore, that decision was not 6 years after his initial EEOC complaint against Defendant. It was within the same year. However, Plaintiff has not alleged a sufficient causal connection between his EEOC complaint and Defendant's decision to preclude him from employment indefinitely. An inference that Defendant acted with retaliatory motive is supported if the adverse employment action "occurred 'fairly soon after the employee's protected expression.'" *Villiarimo*, 281 F.3d at 1065 (quoting *Paluck v. Gooding Rubber Co.*, 221 F.3d 1003, 1009-10 (7th Cir. 2000)). Plaintiff has not alleged the date on which he filed his 2016 EEOC complaint,[3] or the date on which Defendant imposed its "ban" on his employment with the company. He has not alleged even that the ban was imposed <u>after</u> he filed with the EEOC. In the absence of more specific allegations, Plaintiff has failed to plead a causal link between his protected activity and the adverse employment action.

**Blacklisting**

With respect to blacklisting, Plaintiff alleges Defendant prevented him from being employed by its Phoenix and Tucson offices (Doc. 21-7 at 14) and blocked him from employment by any of its offices (Doc. 25 at 2-3.) And that, in their applicant tracking system, Defendant failed to state a reason Plaintiff was not to be hired. (*Id.*)

Under Arizona law, a person commits blacklisting if he "knowingly exchanges, solicits or gives out any labor blacklist." A.R.S. § 23-1362(A). A "blacklist" is, essentially, an agreement between "two or more employers of labor" to communicate the name of a person "whereby the laborer is prevented or prohibited from engaging in a useful

---

[3] Review of the attachments to the Second Amended Complaint indicate Plaintiff filed an EEOC complaint in March 2016. (Doc. 21-3 at 20-21.)

occupation." A.R.S. § 23-1361(A). Plaintiff fails to state a claim for blacklisting because he has not alleged an agreement between Defendant and any other employer. *See United States ex rel. Hamilton v. Yavapai Cmty. Coll. Dist.*, No. CV-12-08193-PCT-PGR, 2015 WL 1522174, at *20 (D. Ariz. Apr. 2, 2015), *clarified on denial of reconsideration*, 2015 WL 6468211 (D. Ariz. Oct. 27, 2015). Plaintiff also failed to state a claim for blacklisting because he has not alleged that Defendant took actions that prevented him from engaging in an occupation other than employment by Defendant. *See Longariello v. Phoenix Union High Sch. Dist.*, No. CV-09-1606-PHX-LOA, 2009 WL 4827014, at *6 (D. Ariz. Dec. 15, 2009). Therefore, Plaintiff's blacklisting claim is subject to dismissal.

### Conclusion

After liberally construing Plaintiff's Second Amended Complaint, the Court has determined it fails to state any claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has been notified of the deficiencies in his discrimination and retaliation claims twice, once by Defendant's counsel before the filing of the Amended Complaint (Doc. 23, Ex. A), and a second time by the Court before the filing of the Second Amended Complaint (Doc. 19). This is the first time Plaintiff has pled a claim for blacklisting under Arizona law. However, he attached over 180 pages of information to his Second Amended Complaint and none of it suggests he might be able to state a claim for blacklisting. Because Plaintiff has had two opportunities to cure the defects in his complaints and has not done so, the Court finds that further amendment is not warranted and would be unfair to Defendant. *See Foman v. Davis*, 371 U.S. 178, 182, (1962) (citing as reasons to deny amendment, "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment").

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Seconded Amended Complaint is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment for Defendant and close this case.

Dated this 21st day of June, 2024.

_____
Honorable Lynnette C. Kimmins
United States Magistrate Judge